IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CRIMINAL NO. H-10-258-4 |
| PATRICK LANIER | § | |

**MEMORANDUM AND ORDER**

On February 27, 2014, a jury found the defendant, Patrick Lanier, guilty on 16 counts of a 17-count indictment. (Docket Entry No. 415). On March 6, 2014, Lanier moved for a new trial under Federal Rule of Criminal Procedure 33(b)(2). Lanier argued that the government improperly cross-examined him when it inquired into his sale of stock the day before its price plummeted. Lanier argued that the questions had the "obvious implication" that he had "previous to the commencement of the conspiracy alleged in the indictment, engaged in an illegal 'pump and dump' scheme." (Docket Entry No. 417 at 2). He argued that the questions violated Federal Rule of Evidence 404(b) and the Confrontation Clause of the United States Constitution. The government responded to the motion for new trial on March 16, 2014. (Docket Entry No. 420).

After thorough consideration of the motion and response, the relevant record, and the applicable law, the court denies Lanier's motion. The reasons are explained below.

**I.     The Applicable Legal Standards and Discussion**

Rule 33 states that the "court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. PROC. 33(a). "A motion for new trial 'is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial

. . . should be invoked only in exceptional cases[.]'" *United States v. Sipe*, 388 F.3d 471, 493 (5th Cir. 2004) (quoting *United States v. Robertson*, 110 F.3d 1113, 1120 n.11 (5th Cir. 1997)).

"To determine whether improper statements require a new trial," a reviewing court "ask[s] whether the prosecutor's remarks 'prejudiced the defendant's substantive rights,' and 'cast[] serious doubt on the correctness of the jury's verdict.'" *United States v. Valencia*, 600 F.3d 389, 409 (5th Cir. 2010) (quoting *United States v. Morganfield*, 501 F.3d 453, 467 (5th Cir. 2007)). The court weighs "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting conviction." *Id.* (quotation omitted). It is "presume[d] that a jury can and will follow an instruction that attorney[s'] statements are not evidence, unless there is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect is devastating." *Id.* at 409–10.

Lanier argues that the government violated Rule 404(b) and the United States Constitution when it asked about his acquisition and subsequent sale of a stock that "plummeted" in price the day after he sold it. Lanier argues that he was entitled to advance notice before the introduction of this "other bad acts" evidence. Lanier made this objection at trial and moved for a mistrial. The court denied the motion. The following exchange between the court and the parties occured out of the jury's presence:

> The Court: . . . [The Court] will allow [the Government] to cross-examine on anything that Mr. Lanier testified to, but [the Government may not] springboard from that to a general examination of everything that happened before the conspiracy dates alleged in the indictment.
>
> . . . .
> The Government: But [the Government] is . . . allowed to follow up

2

> on an answer that I think Mr. Lanier already gave, which is that he himself and Mr. Parker paid him during the litigation . . . .
>
> The Court: There's been a lot of testimony about Epic. You can ask him that question, but that'll be the limit on following up on that area.

(Docket Entry No. 429 at 70-71).

Lanier continues to assert that the questions about the sale of the Epic stock injected extrinsic evidence of other bad acts and was prohibited by Federal Rule of Evidence 404(b) because Lanier was not given notice of the government's intent to pursue this line of questioning.

"Whether Rule 404(b) or Rule 608(b) applies to the admissibility of other-act evidence depends on the purpose for which the prosecutor introduced the other-acts evidence." *United States v. Tomblin*, 46 F.3d 1369, 1388 (5th Cir. 1995) (citations omitted). "Rule 404(b) applies when other-acts evidence is offered as relevant to an issue in the case, such as identity or intent." *Id.* "Rule 608(b) applies when other-acts evidence is offered to impeach a witness, to show the character of the witness for untruthfulness, or to show bias." *Id.* (quotation omitted). "A defendant makes his character an issue when he testifies." *Id.* "The government is entitled to cross-examine properly and effectively a witness in an effort to elicit the truth." *Id.* "Fraud has been held to be probative of a witness's character for truthfulness or untruthfulness." *United States v. Sanders,* 343 F.3d 511, 519 (5th Cir. 2003).

Rule 608(b) may not be used to circumvent rules that might otherwise preclude evidence from reaching the jury. *See Tomblin*, 46 F.3d at 1388–89. "[A] prosecutor may not use impeachment as a guise for submitting to the jury substantive evidence that is otherwise unavailable." *Id.* (quotation omitted). "Rather, Rule 608 authorizes inquiry only into instances of

misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement." *Id.*

The government's questions were proper under Rule 608(b). Lanier testified on his own behalf. The government was entitled to attempt to impeach him. The questions about the acquisition and sale of the Epic stock were within Rule 608 because, to the extent they implicated Lanier in a fraudulent pump-and-dump scheme, as Lanier suggests in his motion, the questions were relevant to his truthfulness. *United States v. Imo*, 739 F.3d 226, 239 (5th Cir. 2014) (citing *Sanders*, 343 F.3d at 519; *United States v. Akpan*, 407 F.3d 360, 373–74 (5th Cir. 2005)). Lanier was not entitled to the notice he argues he should have been given. *See Akpan*, 407 F.3d at 373 ("Because the government offered the other-acts evidence to impeach [the defendant] on cross-examination while he was on the stand so as 'to show the character of the witness for truthfulness,' Rule 404(b)'s notice provision and its two-part admissibility test do not apply here." (citations omitted)).

Furthermore, the court instructed the jury that statements and questions by the lawyers were not evidence. (*See, e.g.*, Jury Instructions at 3 ("The statements, objections, or arguments made by the lawyers are not evidence. . . . What the lawyers say is not binding on you.")).

Finally, there was ample other evidence in the record supporting the jury's verdict. The strength of the government's case and the cautionary jury instructions provide added reasons for confidence in the jury's verdict. *See United States v. Delgado*, 672 F.3d 320, 336–38 (5th Cir. 2012) (en banc) ("If the evidence to support a conviction is strong, then it is unlikely that the defendant was prejudiced by improper arguments of the prosecutor and reversal is not required.").

Lanier argues that the questioning was "testimonial" in nature and violated the Confrontation Clause of the United States Constitution because he could not cross-examine the prosecutor who asked the questions. Lanier argues that the questions assumed facts to which no witness testified.

As an initial matter, questions asked by an attorney are not testimony and, as explained, the court instructed the jury that such questions are not evidence. Lanier's argument that the questions "threw" a fact before the jury about the stock price plummeting without a witness to support that fact is also unpersuasive. As the government points out — and Lanier does not refute — documents in evidence provided support for the decline in the stock price.

**II.     Conclusion**

There is no basis to find a Rule 404(b) or a Confrontation Clause violation. Lanier's motion for a new trial is denied.

SIGNED on May 29, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge